IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ELEUTERIO SALDAÑA and RAFAEL LEON,

        Plaintiffs,        CV-10-1146-ST

    v.        FINDINGS AND RECOMMENDATION

JOHN K. SLINGLUFF, OPI CONTRACTING LLC and JOHN C. NELSON,

        Defendants.

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiffs filed this action to recover wages, penalties and interest due under both the Fair Labor Standards Act ("FLSA"), 29 USC § 201 *et seq*, and Oregon statutes (ORS 653.025, 652.140 and 652.200) against defendants OPI Contracting LLC and its sole member, John C.

1 - FINDINGS AND RECOMMENDATION

Nelson ("Nelson"), as well as John C. Slingluff ("Slingluff") who hired and supervised plaintiffs to perform carpentry work on behalf of OPI Contracting.

On October 17, 2011, this court entered a default judgment against all defendants, jointly and severally, on all claims in the amount of $3,540.34 for plaintiff Eleuterio Saldaña and $5,210.81 for plaintiff Rafael Leon, with prejudgment interest and costs (docket # 34). Plaintiffs have now filed a Motion for Attorney Fees and Costs (docket # 35) to recover $30,758.33 for their attorney fees and $328.50 for their costs. That motion should be granted, except as to $48.00 in costs.

## **FINDINGS**

### I. Fees

Although defendants have filed no objection to plaintiffs' motion for attorney fees, "the district court [is] required to independently review plaintiffs' fee request even absent defense objection." *Gates v. Deukmejian*, 987 F2d 1392, 1401 (9th Cir 1993); *Sealy, Inc. v. Easy Living, Inc.*, 743 F2d 1378, 1385, n3 (9th Cir 1984). The court must determine if plaintiff's fee request is reasonable and "does not abuse its discretion simply by reducing the amount of an unsupported fee award." *N.A.A.C.P. v. City of Evergreen, Ala.*, 812 F2d 1332, 1334 (11th Cir 1987). Uncontradicted evidence may be rejected if there is a reason for doing so. *Id*.

As the prevailing parties, plaintiffs are entitled to an award of fees and costs under the fee-shifting provision of the applicable federal and state statutes. 29 USC § 216(b); ORS 652.200 & 653.055(4).

The calculation of attorney fee awards begins with the lodestar figure, "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Miller v.*

*Los Angeles County Bd. of Educ.*, 827 F2d 617, 621 (9th Cir 1987), quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 US 546, 564 (1986). There is a strong presumption that the lodestar amount is reasonable. *Jordan v. Multnomah County*, 815 F2d 1258, 1262 (9th Cir 1987). The court may adjust the lodestar amount based on the factors enunciated in *Kerr v. Screen Extras Guild, Inc.*, 526 F2d 67, 70 (9th Cir 1975), *cert denied*, 425 US 951 (1976). *D'Emanuele v. Montgomery Ward & Co. Inc.*, 904 F2d 1379, 1383 (9th Cir 1990). The *Kerr* factors are: (1) time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee was fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the clients; and (12) awards in similar cases. *Kerr*, 526 F2d at 70.

To support their attorney fees request, plaintiffs have submitted declarations from their attorneys, D. Michael Dale and Catherine A. Highet, which attach their resumes and billing records. These declarations adequately describe the services rendered by date, type of service, and hours, and substantiate that the hourly rates for each timekeeper ($300/hour for Mr. Dale; $350/hour for Ms. Highet; and $30/hour for legal assistants) are within the range of reasonable and customary rates charged by comparable litigation attorneys in the Portland area.

With respect to the number of hours, plaintiffs' attorneys have reduced any time necessary to prevent excessive, redundant or otherwise unnecessary billing, as well as any time spent on plaintiffs' proceedings before the Construction Contractors Board. Although the

3 - FINDINGS AND RECOMMENDATION

number of hours is higher than usual for this type of case, it is largely due to the Spanish-speaking plaintiffs, defendants' misuse of corporate structures which increased the complexity of the case, and the repeated assertion by the *pro se* defendants of their intent to appear and defend this case. Taking these factors into account, the number of hours expended on this case are not unreasonable.

Plaintiffs do not request any departure from the lodestar figure. Accordingly, this court finds that their request for attorney fees in the sum of $30,758.33 is adequately supported and reasonable.

## II. COSTS

Expenses which may be taxed as costs against the losing party are enumerated in 28 USC § 1920 as follows:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Although a district court has broad discretionary power to allow or disallow a prevailing party to recoup the costs of litigation, the court may not tax costs beyond those authorized by 28 USC § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 US 437, 441-42 (1987). Courts are, however, free to construe the meaning and scope of the items enumerated as taxable costs in

§ 1920. *Alflex Corp. v. Underwriters Labs., Inc.*, 914 F2d 175, 177 (9th Cir 1990) (*per curiam*), *cert denied*, 502 US 812 (1991).

Plaintiffs seeks costs in the sum of $328.50. Highet Decl., ¶ 26, Ex. C. Those costs include charges to obtain filings by and regulatory records of corporate entities associated with defendants. Those costs are recoverable because they were necessarily obtained for use in this case to decipher defendants' corporate arrangements. The requested costs also include charges by a private process server to supplement the US Marshal's service by certified mail. Although duplicative, those costs are reasonable considering the legitimate concern by plaintiffs' attorneys over defendants' failure to waive service and anticipated default.

However, the itemized costs also include $48.00 for service by the US Marshal. Based on plaintiffs' *in forma pauperis* status, this court waived the service costs by the US Marshal (dockets # 4 & # 6). Because plaintiffs did not incur those service costs, they may not recover them from defendants. Accordingly, the recoverable costs should be reduced from $328.50 to $280.50.

///
///
///
///
///
///
///
///

## RECOMMENDATION

For the reasons set forth above, plaintiffs' Motion for Attorney Fees and Costs (docket # 35) should be GRANTED in the sum of $30,758.33 for fees and $280.50 for costs against all defendants jointly and severally.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due December 20, 2011. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 1st day of December, 2011.

                                              s/ Janice M. Stewart_____
                                              Janice M. Stewart
                                              United States Magistrate Judge